GIERKE, Judge
(concurring in the result):
In my view, the admission of much of Special Agent (SA) Maureen Lozania’s testimony on the credibility issue was harmless error because it amounted to a statement of the obvious: criminal investigators will continue asking questions until they think they have a truthful and complete statement from a suspect. However, I agree with the majority that SA Lozania’s testimony regarding Appellant’s credibility went beyond the permissible limits of Military Rule of Evidence 608. Trial counsel crossed the line when he elicited evidence that SA Lozanía was an experienced, trained investigator; elicited her opinion that Appellant was lying; and asked her about the verbal and physical indicators she employed to evaluate truthfulness. The need for a strong curative instruction became obvious when a court member asked what indicators SA Lozanía had observed that caused her to believe that Appellant was lying.
I agree with the majority that the military judge’s brief ruling on the impropriety of the member’s question and his general boilerplate instruction on credibility of witnesses were inadequate to ensure that the members were not unduly influenced by SA Lozania’s “expert” opinion that Appellant was lying. In my view, the military judge committed plain error. He failed to give a strong curative instruction when the improper question was asked, and he failed to give the members carefully tailored guidance in his final instructions.